NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSALIO CASAS BANDA, | No. 17-71855 |
| Petitioner, | |
| v. | Agency No. A095-789-232 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Rosalio Casas Banda, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

immigration judge's decision denying his application for withholding of removal.

We review factual findings for substantial evidence. *Bhattarai v. Lynch*, 835 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1037, 1042 (9th Cir. 2016). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

To qualify for withholding of removal, "the applicant must demonstrate that it is 'more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the country in question].'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(2)). The requirement that the applicant show that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

Substantial evidence supports the BIA's determination that, even if Banda were credible, he failed to show that he was entitled to withholding of removal because he failed to establish nexus to a protected ground. Banda alleged that he is a member of the particular social group of "persons targeted by the cartels and criminal organizations in Mexico based on their cooperation with law enforcement for reporting such harm or illegal activities." However, Banda provided insufficient evidence that cartels or criminal organizations in Mexico have persecuted or will persecute him on that basis. Rather, Banda testified that Zetas gang members harassed him, his family, and "many other families" "because they want money," and that he did not feel he was being directly targeted by them.

An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Accordingly, substantial evidence supports the BIA's determination that Banda failed to meet his burden for withholding of removal because he did not establish nexus.

**PETITION FOR REVIEW DENIED**.